CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF TEXAS** 2017 JUL 25 PM 1:11

DEPUTY CLERK BMG

# 5-17CV0173-C    LUBBOCK DIVISION

---

## 42 U.S.C.S 1983, 42 U.S.C.S 1985, 42 U.S.C.S. 1986, 18 U.S.C.S. 241, 18 U.S.C.S 242

## Complaint

---

Now comes Plaintiff, Lonnie Kade Welsh appearing Pro Se, plaintiff brings 42 U.S.C.S 1983, 42 U.S.C.S 1985, 42 U.S.C.S. 1986, 18 U.S.C.S. 241, 18 U.S.C.S 242 complaint against the following:

Defendant Correct Care Solution Director Brain Thomas in his individual and occupational capacity as Direct of Texas Civil Commitment Center. Correct Care Solutions LLC., naming Brian Thomas as its principle agent in the State of Texas. Plaintiff names defendant Jane Salazar in her individual capacity Plaintiff names Margarito Gonzales in his individual capacity as Captain of security at Texas Civil Commitment Center. Security officer Richardson in his individual capacity as guard at Texas Civil Commitment Center. Security officer Flores in his individual capacity as guard at Texas Civil Commitment Center. Therapeutic Security Technician Jorge Juarez in his individual capacity as guard at Texas Civil Commitment Center John and Jane Doe in their individual capacity who are employed by Correct Care Solutions. Plaintiff names Amy Goldstein in her individual capacity. All the above named defendants work for Correct Care Solutions and contract with the State of Texas to run their civil commitment program under Tex. Health and Safety Code 841.

Plaintiff names Littlefield Police officer Kasting in his individual capacity. Littlefield Police Detective Rodriguez in his individual capacity. Littlefield Police Lt. Leon Ponce in his individual capacity. Littlefield Chief of Police Albert Garcia in his individual. The City of Littlefield and naming Littlefield Chief of Police Albert Garcia as the head political agent in his official capacity. The above named defendants

are clothed in the authority of the state.Plaintiff brings this complaint as described by the following facts outlined below.

# I. City of Littlefield and Correct Care Solutions and Agents Conspiracy

## A. 42 U.S.C.S. 1985

Agents of Correct Care Solutions have meet with agents of the City of Littlefield establishing an agenda that denied plaintiff who is an insular and discrete minority created by state law (See Tex. Health & Safety Code 841) his constitutional rights of equal protection under the law and fundamental liberty interest in protection from bodily injury.  This conspiracy of the collaborating agents was class based against plaintiff who is civilly committed as a SVP.

The concerted effort between the agencies began Jan. 22, 2016 when Amy Goldstein for Correct Care met with Lt. Leon Ponce to deny plaintiff the right to press charges against Correct Care employee's for an assault occurring on Jan. 22, 2016. Then on March 21, 2017 Correct Care Solutions Security Officer Flores assaulted plaintiff.  Capt. Gonzales met Officer Flores and Jorge Juarez in front of plaintiff cell. The three co-conspirators informed plaintiff of an intent to cover-up the assault.  The means of cover-up was by refusing to call the police and intent to lie if the police was called, (Capt. Gonzales statement of "all he sees is plaintiff trying to hurt himself.").

On March 21, 2017, Capt. Gonzales met with several Correct Care employees John and Jane Doe's in front of plaintiff cell.  Plaintiff begged the various John and Jane Doe's to call the Police.  To a man, they refused to render aid to further the conspiracy. On March 21, 2017, Capt. Gonzales of Correct

Care meet with Littlefield Police officer Kasting to deny plaintiff the right to press charges against Correct Care Security Flores for the assault occurring March 21, 2017. Plaintiff ask officer Kasting to press charges on Flores. Plaintiff showed Kasting his hand that was bruised and swollen hand from the assault. Kasting refused to protect the plaintiff or investigate. Kasting wished to help Capt. Gonzales confiscate plaintiff property asking plaintiff to come out of his cell. Plaintiff again ask Kasting to investigate the assault, Kasting again refused to provide plaintiff protection of the law; leaving with Capt. Gonzales conversing with the office to cover themselves in the folds of the conspiracy.

On March 22, 2017, different John and Jane Doe's witnessed a Correct Care employee Richardson assault plaintiff. Richardson was under the supervision of Capt. Salazar who also witnessed the assault. Plaintiff ask the John and Jane Doe's along with Capt. Salazar to call the police. Everyone refused to render aid to further the conspiracy.

On March 22, 2017 plaintiff spoke to detective Rodriguez who came to register sex offenders at T.C.C.C showing the physical results (plaintiff bruised, swollen and bleeding left hand.) of the attack by Correct Care Solutions employee Richardson, Detective Rodriguez said, "It's not a crime for them to attack you." This furthered the conspirator's aims of covering-up Correct Cares assault.

On April 13, 2017 Lonnell Hanks and John Welsh finally was able to get Littlefield Police to agree (after many weeks of calling) to investigate the assault. Littlefield Chief of Police Albert Garcia asked plaintiff to fill an affidavit of the various crimes committed by Correct Care Solutions. This was a token jester that utilized a sham to placate Lonnell Hanks and John Welsh. Albert Garcia is a principle actor working in the concerted effort of the conspiracy with Correct Care Solutions agent's as he refused to investigate.

All named actors have prevented plaintiff equal rights and equal protections of the law with a discriminatory animus based on plaintiff being in the SVP committed class. With a further effort to deny

plaintiff fundamental rights of being secure in ones person from bodily injury while ignoring their duty to provide protection.

## B. 42 U.S.C.S. 1986

Names Correct Care Solutions, the City of Littlefield, Amy Goldstein, Jane Salazar, Margarito Gonzales, Police Officer Kasting, Lt. Leon Ponce, Detective Rodriguez, Chief of Police Albert Garcia, Correct Care Security Flores, Richardson, Jorge Juarez, and John and Jane Does in the act the above 18 U.S.C.S 1985 conspiracy. The above listed actors either possess the knowledge and help further the conspiracy or refused to prevent the conspiracy that denied plaintiff his U.S. Const. 14th Amend. rights of equal protection of the law and protection from bodily injury.

## C. Relief

1. Compensatory relief against City of Littlefield, Amy Goldstein, Jane Salazar, Margarito Gonzales, Police Officer Kasting, Lt. Leon Ponce, Detective Rodriguez, Chief of Police Albert Garcia, Correct Care Security Flores, Richardson, Jorge Juarez, and John and Jane Does for conspiracy of 42 U.S.C.S 1985.

2. Exemplary relief against City of Littlefield, Amy Goldstein, Jane Salazar, Margarito Gonzales, Police Officer Kasting, Lt. Leon Ponce, Detective Rodriguez, Chief of Police Albert Garcia, Correct Care Security Flores, Richardson, Jorge Juarez, and John and Jane Does for conspiracy of 42 U.S.C.S 1985.

3. Compensatory relief against City of Littlefield, Amy Goldstein, Jane Salazar, Margarito Gonzales, Police Officer Kasting, Lt. Leon Ponce, Detective Rodriguez, Chief of Police Albert Garcia, Correct Care Security Flores, Richardson, Jorge Juarez, and John and Jane Does for failing to prevent the wrongs in the 42 U.S.C.S. 1985 as described in 42 U.S.C.S. 1986.

4. Exemplary relief against City of Littlefield, Amy Goldstein, Jane Salazar, Margarito Gonzales, Police

Officer Kasting, Lt. Leon Ponce, Detective Rodriguez, Chief of Police Albert Garcia, Correct Care Security

Flores, Richardson, Jorge Juarez, and John and Jane Does for failing to prevent the wrongs in the 42

U.S.C.S. 1985 as described in 42 U.S.C.S. 1986.

# II. Correct Care Solutions

## A. U.S. Const. 14th Amend.

### 1. Assault

The continued assaultive conduct of Correct Care Solution employees is intolerable in a civilized

society. Correct Care Employees Security officers Richardson and Flores assaulted plaintiff on the dates

of March 21 and March 22, 2017. These officers had a duty to protect and care for plaintiff. The use of

force with bodily injury is a Correct Care Solutions cultural policy to use physical force for compliance.

The force used for compliance is with obvious criminal reckless disregard for protection and care or

Correct Care Solutions had a moral disregard to train the security staff properly. One of the two  caused

the plaintiff's injuries. The sum of Correct Care Solutions actions is indifferent to or a moral disregard of

plaintiff care and safety, violating plaintiff U.S. Const. 14th Amend. fundamental right of care and safety

of his person.

### a. Relief Correct Care Solutions

(i)Compensatory relief for Violating plaintiff 14th Amend. fundamental right of care and safety

(ii)Exemplary  relief for Violating plaintiff 14th Amend. fundamental right of care and safety

**2. Failure to Protect and Render Aid**

Correct Care Employee where indifferent or had a moral disregard to plaintiff as he was assaulted on March 21 and March 22, 2017 with no individual willing to render aid to plaintiff. On March 21 employees of Correct Care Solutions gathered in front of plaintiff cell after he was assaulted by Officer Flores. Plaintiff begged several John and Jane Does and Jorge Juarez to call the police about Flores assaultive conduct. They all refused or refused to acknowledge plaintiff was even speaking. Then on March 22 Officer Richardson attacked plaintiff. Several John and Jane Does saw this happen. Plaintiff either asked for the police to be called or the John and Jane Does morally should've known the plaintiff had a need for police presence to report the crime. The John and Jane Does on March 21 and 22 and Jorge Juarez where indifferent or had a moral disregard to the care of protection and failed to render aid to plaintiff, based upon the special relationship plaintiff possesses with John and Jane Does and Jorge Juarez through Correct Care Solutions. These actors participated in a culture created by Correct Care Solutions of deliberate indifference as Correct Care moral disregard for their training was a direct result of plaintiff's injuries.

**a. Relief Correct Care Solutions**

(i)Compensatory relief 14th for implementing culture to deny aid and protection

(ii)Exemplary relief 14th for implementing culture to deny aid and protection

**3. Due Process, Unlawful Punishment, and False Imprisonment**

On June 21, 2017 plaintiff was placed in seclusion until July 8, 2017. Plaintiff was placed in seclusion based upon a rule infraction of disrupting count procedures. This rule infraction is vague with

no define meaning promulgated within the rules as many staff members responsible for count including the staff member writing the rule infraction has allowed the conduct described as disrupting count procedures.

The disrupting count procedures rule infraction is used to punish plaintiff in an invidious fashion. This benign rule infraction is an effort to prolong confinement as all disciplinary procedures is reviewed to determine release from civil commitment. This becomes a ploy of Correct Care Solutions who sit as victim, prosecutor, and judge during a suppose non-adversarial hearing gaining enrichment by the state for this entrapment infringing against the natural liberty interest of plaintiff as Correct Care Solution is paid per-individual the company confines.

The whole system is repugnant of the fundamental fairness set by the 5th and 14th Amendment to the Constitution. The system is set to deny plaintiff liberty with-in its plain meaning and to punish the plaintiff. As punishment is of a retribution and deterrent type system against the mental condition of a behavior abnormality as plaintiff is unamendable to this type of disciplinary in order to constitutionally confine him in an institution.

Next, this form of punishment goes against laws promulgated for civil commitment in terms of seclusion. See Texas Admin. Code 415.263. Third, such procedures in the terms of liberty cannot be conducted in this form of Due Process as the institution has allowed arbitrary enforcement to undermine plaintiff liberty.

Fourth the term due process is an arbitrary meaningless phrase when the victim, prosecutor, and judge are in purpose the same actors conducting any hearing for rule violations.

Finally, the disciplinary procedure used to confine plaintiff for 15 days without a hearing is equal to TDCJ system of disciplinary a system that is designed to punish as Correct Care Solutions consistently

used this system to dominate and control the plaintiff eliciting the harshest means to subjugate the plaintiff bending his will and mind in a sadistic barbaric fashion to their control.

## a. Relief Correct Care Solutions

(i)Compensatory relief violating plaintiff 5th and14th Amend. liberty interest.

(ii)Exemplary relief violating plaintiff 5th and 14th Amend. liberty interest.

(iii)Compensatory relief violating plaintiff 14. Amend. right against impermissible punishment.

(iv) Exemplary relief violating plaintiff 14. Amend. right against impermissible punishment.


## B. Common Law Tort

### 1. Infliction of bodily Injury

As principal authority was implied to Captain Salazar and Captain Gonzales by Correct Care Solutions on the days of Richardson and Flores attack on plaintiff. The Security Captains instructions or failing to instruct Richardson and Flores in the performance of not slamming plaintiff hand in the metal trap caused the maiming of plaintiff causing the pain, bleeding, bruising, and a swollen hand.

## a. Relief Correct Care Solutions

(i) Compensatory relief infliction of bodily injury

(ii) Exemplary relief infliction of bodily injury


### 2. Intentional Inflection of Emotional Distress

Plaintiff placed special trust that defendant would protect him from its employee's mental abuse and assaultive conduct. As a result from defendants action he worries that anything can happen to him. Plaintiff emotional distress has him constantly watching for someone to hurt him. The sleepless nights in fear of staff who was meant to protect the plaintiff, is a constant nightly burden. The idea of the employees coming in to assault plaintiff maybe to kill him was real in plaintiff mind. The notion of them killing me, then telling my mother I killed myself caused nausea. As Correct Care Solutions employee's mental and physical assaults left there emotional stress on plaintiffs life.

**a. Relief Correct Care Solutions**

(i) Compensatory relief intentional inflection of emotional distress

(ii) Exemplary relief intentional inflection of emotional distress

**3. Negligent Hiring**

**a. Richardson and Flores**

Correct Care negligence in providing Flores and Richardson the necessary legal duty of supervision, training, and maintaining competence that caused the intentional tort of assault, was an indirect though connected cause of plaintiff injuries.

**b. Salazar and Gonzales**

Correct Care was negligent in providing Salazar and Gonzales the necessary legal duty of supervision, training, and maintaining competence required in their potions of Security authority over Flores and Richardson. The supervision provided to Flores and Richardson was below the minimal

standards of ordinary care in professional standards. Salazar and Gonzales had implied authority from

Correct Care Solutions, as Captains of security.

**c. John and Jane Does, Jorge Juarez**

Correct Care Solutions was negligent in its supervision, train and/or maintaining competence of

employee John and Jane Doe's and Jorge Juarez. These employee duty to exercise reasonable care in

consideration for the plaintiff needed supervision, training, and/or competence was not maintained by

Correct Care Solutions for their employee's that a reasonable individual would've understood was

needed, for the protection of plaintiff.

**d. Relief Correct Care Solutions**

(i) Compensatory relief for negligent hiring

(ii) Exemplary relief for negligent hiring

# III. Brian Thomas

**A. U.S. Const. 14th Amend.**

**1. Assault**

Defendant created a scheme of confinement to promote the use of unwanted force to insure

compliance. On March 21 and March 22 security officers attacked plaintiff Welsh. The attacks occurring

12 hours apart in a consistent fashion on means to commit the assault. The oversight for such care to

plaintiff falls beneath profession standards and civilized decency. As director of T.C.C.C for Correct Care

Solution Brian Thomas has a duty to protect and care for plaintiff. Brian Thomas Scheme is an unwritten policy based on desired implementation or he has a moral disregard for the necessary training to his employees. His duty is to insure the U.S. Const. 14th amendment guarantees of fundamental rights of protection and care to plaintiff.

**a. Relief in Brian Thomas individual capacity**

(i) Compensatory relief for violating U.S. Const. 14th amendment guarantees of fundamental rights of protection and care to plaintiff.

(ii)Exemplary relief U.S. Const. 14th amendment guarantees of fundamental rights of protection and care to plaintiff.

**2. Cultural Disregard for Care and safety**

Brian Thomas fingerprints is on the culture of Correct Care Solutions. As Director at T.C.C.C. Brian Thomas has implemented a cult like culture with base disregard for the rights of man in the form of care and safety he has an obligation to provide. Plaintiff has suffered by Brian Thomas cultural influence. Richardson, Flores, Salazar, Gonzales, Juarez, and John and Jane Does was influenced by Thomas cultural scheme as the touchstone for their actions as the aforementioned employee's assaulted or covered an assault against the plaintiff on March 21 and 22, 2017. The guiding light of an underline culture to wrought havoc upon the natural rights of plaintiff. That runs afoul to their duty to plaintiff being repugnant upon the true guide post of 14th amendment to provide care and safety to the plaintiff in which Brian Thomas have a special relationship with the plaintiff to provide care and safety towards the plaintiff that caused his injuries.

**a. Relief in Brian Thomas individual capacity**

(i) Compensatory relief 14th amendment to provide care and safety

(ii) Exemplary relief 14th amendment to provide care and safety

**3. Impermissible Punishment**

On April 20, 2017 Brian Thomas changed T.C.C.C disciplinary policy. Brian Thomas implemented this policy has created a culture to punish by his disciplinary policy that is harsh in relation towards plaintiff, who has many times suffered due to this policy, the latest time was on June 21, 2017 as mentioned above in the Correct Care portion of the complaint.

Plaintiff has a liberty interest created by the State of Texas in treatment with the same care as other civilly committed individuals. As no other type of disciplinary is promulgated in the law for seclusion or otherwise. See Texas Admin. Code Title 25, Texas Health and Safety Code Title 7 and Texas Health and Safety Code 841.  Different treatment modalities exist between all mentally ill patients this fails to comport to the extreme difference in confinement conditions. Many of Brian Thomas's disciplinary rules either meet or exceed Texas Department of Criminal Justice disciplinary rules. These rules subjugate plaintiff to punishment. All Texas Department of Criminal Justice disciplinary rules designed to punish in the deterrent and retribution system. As this is the purpose of prison this is not the suppose purpose of civil commitment.

Punishment that meets or exceeds Texas Department of Criminal Justice are the seclusion policies that are only 15 days for TDCJ, property restrictions are rare or none existent in TDCJ as property restrictions only serve the idea of punishment; Brian Thomas has no claim upon plaintiff property at any time and should be restrained from implementing punishment. Further restriction include the denial of association with family, through either visitation or telephone by the disciplinary hearings discretion, distorting the family bond. Plaintiff is subjected to further punishment by the denial to purchase property that is non-contraband denying a fundament right, and other privileges afforded

to all free citizens; and is an atypical setting based on institutional confinement. Plaintiff is oppressed in other ways by the severe sensory deprivation and lose of human contact. These restriction are not even denied to closed custody prisoners some of the criminals in the State of Texas. These prisoners are allowed to keep personal property, make property purchases, and have visits with Family and friends.

Plaintiff has a liberty interest created by the State of Texas not to be punished in the same way and to the same extent as prisoners. Brian Thomas knowing this created a culture at Texas Civil Commitment Center to be overbearing and harsh towards all civilly committed individuals that facilitates oppression physically and mentally where he knew or reasonable should've known as a professional that civilly committed individuals where not to be treated as a convicts.

a. Relief in Brian Thomas individual capacity

(i) Compensatory relief of the restrictions of fundamental rights and privileges.

(ii) Exemplary relief of the restrictions of fundamental rights and privileges.

(iii) Compensatory relief as no reason to deny the fundamental right of property. Confiscation of property only serves the purpose to punish.

(iv) Exemplary relief as no reason to deny the fundamental right of property. Confiscation of property only serves the purpose to punish.

(v) Compensatory relief from Retribution and deterrent policy for disciplinary punishes the committee and is a liberty interest created by the State of Texas for equal protection with other committed individuals.

(vi) Exemplary relief from Retribution and deterrent policy for disciplinary punishes the committee and is a liberty interest created by the State of Texas for equal protection with other committed individuals.

## B. Disciplinary Policy

Brian Thomas implemented a set of disciplinary procedures is overbroad and harsh. Inferring his true intent is to punish. As his first goal was to inflict punishment based on his disciplinary scheme. Since he neglected to promote the least harsh methods to insure the means to accomplish those goals. A disciplinary program based on retribution and deterrence fails to be a legitimate goal of the institution. Plaintiff mental health need would preclude him from this type of disciplinary. The aspects of disciplinary is not promulgated in law nor is different types of treatment modalities reason for different confinement style.

A separate but equal approach should exist between commitment classes in the form of confinement conditions. Thomas punitive disciplinary goals purports a system worse than TDCJ in deterrence inflicted upon the affected party where TDCJ scheme is designed to punish convicts. The deprivation is in the form of the time for punishments of a rule infractions, harsher seclusion times, no guarantee hearing with-in a reasonable time to be heard for a rule infraction, time in seclusion is only counted upon discretion of the hearing officer, deprivation of rights occur before a verdict on the rule infraction, deprives residents facing criminal charges a hearing on property or liberty. Taking of personal property in the policy for rule violations only serves the purpose to inflict impermissible punishment. The disciplinary purpose inflicts punishment on patients.

### 1. Relief in Brian Thomas occupational capacity

a. Declatory relief plaintiff has a liberty interest created by the state for equal protection of a seclusion policy that promulgated by the law for others of the civil committed class.

b. Declatory relief of the restrictions of fundamental rights prehearing.

c. Declatory relief for disciplinary hearing conducted by a disinterested hearing official.

d. Declatory relief as no reason to deny the fundamental right of property. Confiscation of property only serves the purpose to punish.

e. Declatory relief in a preclusion from Retribution and deterrent policy for disciplinary punishes the committee for his mental condition.

## C. Common Law Torts

### 1. Intentional Infliction of Emotional Distress

A collection of wrongs geared to emotionally degrade another human into compliance and servitude is based on Brian Thomas naturally sadistic mind. Brian Thomas cultural meddling was the wellspring of the torturous concoction of fear and sleeplessness nights imposed upon plaintiff was cruel of Thomas placing an emotional burden upon plaintiffs mind. This is compounded as Officer Flores and Richardson keep their employment to maintain the heighten anxiety and fear Brian Thomas intentionally imposed upon plaintiff.

### a. Relief in Brian Thomas individual capacity

(i) Compensatory relief for intentional infliction of emotional distress

(ii) Exemplary relief for intentional infliction of emotional distress

# IV. Margarito Gonzales

## A. U.S. Const. 14th Amend.

On March 21, 2017 Captain of Security for Correct Care Solutions Margarito Gonzales made verbal threats to plaintiff. These threats consisted of stripping plaintiff naked, taken all his property (including legal, stationary, and hygiene) and comments of ripping of his monitor so he would spend life in prison. Then later plaintiff was attacked by Security Officer Flores. Upon learning of the attack Gonzales commented, "all I sees is someone trying to hurt themselves". Then Gonzales ordered obedience directly or indirectly to Jorge Juarez also John and Jane Does to disregard the pleas for help by plaintiff Welsh. Later Gonzales met with Littlefield Police Officer Kasting. Gonzales help pollute the mind of Kasting to insure the consistency of the agenda that denies plaintiff rights. Gonzales who had authority by Correct Care helped implement Correct Care culture of moral disregard when he refused to render aid and failed to protect the plaintiff. The totality of events violated plaintiff fundamental rights to be secure in his personal protection and have his care provided due to the co-existent special relationship between plaintiff and Gonzales.

**1. Relief in Margarito Gonzales individual capacity**

a. Compensatory relief for violating plaintiff United States Const. 14th Amend. right to protection and care

b. Exemplary relief for violating plaintiff United States Const. 14th Amend. right to protection and care

**B. Common Law Tort**

**1. Negligence**

Marigito Gonzales had a duty by special relationship to provide safety and care to plaintiff. Gonzales actions failed beneath an ordinary standard of care a reasonable professional would utilize to give safety and care to plaintiff.

**a. Relief in Margarito Gonzales individual capacity**

(i) Compensatory relief for negligent care

(ii) Exemplary relief for negligent care

**2. Intentional Infliction of Emotional Distress**

a.       Gonzales implementation of Correct Care Culture left plaintiff bewildered in the concepts of

what it means to be a patient in their care. As he ordered his charges into obedience and meet with the

City of Littlefield agent Officer Kasting. The fear and anxiety plaintiff possessed was in the realization

anything can or will happen to plaintiff.

b.       Gonzales demonstrated actions and verbal abuse throughout March 21, 2017 left plaintiff in

stark fear with high anxiety that continued for weeks. Gonzales threatened plaintiff on March 21 and

ordered Flores to do god knows what. Leading to the emotional burden compounded by the words and

actions of Gonzales.

**c. Relief in Margarito Gonzales individual capacity**

(i) Compensatory relief for intentional infliction of emotional distress fear and anxiety.

(ii) Exemplary relief for intentional infliction of emotional distress fear and anxiety.

(iii) Compensatory relief for intentional infliction of emotional distress for verbal abuse to install fear.

(iv) Exemplary relief for intentional infliction of emotional distress for verbal abuse to install fear.

# V. Jane Salazar

**A. U.S. Const. 14th Amend.**

On march 22,2017 Captain Salazar ordered Security Officer Richardson and Security John Doe to knock on plaintiff door to harass and torment. Later she ordered Security John Doe not to feed plaintiff unless he submits to directives. Finally she held authority over Richardson when the Security officer assaulted plaintiff. Salazar actions where part retaliation for plaintiff utilizing 1st amendment right to file suit. Other part was Salazar continued implementation of Correct Care immoral culture toward the care and safety of plaintiff. Salazar furthered the efforts in the culture was by the complied obeisance from John and Jane Does to ignore plaintiff pleas for help, protection , and the refusal to inform  legal authorities when Richardson attacked plaintiff.

**1. Relief in Jane Salazar individual capacity**

a. Compensatory relief for violating plaintiff United States Const. 14th Amend. right to protection and care.

b. Exemplary  relief for violating plaintiff United States Const. 14th Amend. right to protection and care.


**B. Common Law Tort**

**1. Negligence**

Jane Salazar had a duty by special relationship to provide safety and care to plaintiff. Salazar actions failed beneath an ordinary standard of care a reasonable professional would utilize to give safety and care to plaintiff.

**a. Relief in Jane Salazar individual capacity**

(i) Compensatory relief for negligent care

(ii) Exemplary relief for negligent care

**2. Intentional Infliction of Emotional Distress**

Salazar's final stroke into the subjugation of submission of plaintiff by physical and psychological coercion profoundly impacted the plaintiff mind. These emotional degrading acts severed the perceived special relationship of caretaker and patient is immeasurable of the degree of fear and stress implemented upon plaintiff's mental well being.

**a. Relief in Jane Salazar individual capacity**

(i) Compensatory relief for intentional infliction of emotional distress fear and stress.

(ii) Exemplary relief for intentional infliction of emotional distress fear and stress.

# VI. Correct Care Security Flores

**A. U.S. Const. 14th Amend.**

On March 21, 2017 plaintiff refused to remove his hand from a metal trap door. The reason due to security Captain Gonzales ordering plaintiff water off. Captain Gonzales ordered this without provocation. Plaintiff argued with Security Officer Flores about water being off and removing his hand from the trap door. Officer Flores commented on breaking plaintiff's hand. Flores left to turn on the water for Plaintiff. Plaintiff filed a water cup. Flores came back recklessly kicking the metal trap. Plaintiff pushed it open. Plaintiff then placed his hand back into the metal trap. Flores then recklessly

kicked the metal trap.  The metal trap slamming into plaintiff hand injuring plaintiff.  This act violated

plaintiff fundamental rights to be free from bodily harm.  Flores had a duty to protect plaintiff violating

this duty.  Conspiracy and his 14th amendment obligation to provide plaintiff.

Security officer Flores, Captain Margarito Gonzales, and TST Jorge Juarez was stopped outside plaintiff

cell.  Plaintiff asked Juarez and Gonzales to call police that Flores attacked him.  Gonzales turned to

Flores asking him if Plaintiff Welsh was trying to hurt himself.  Flores agreed.  Gonzales told plaintiff the

only thing he sees is welsh trying to hurt himself.  Plaintiff yelled after them begging for help because he

was in fear of Flores.  Plaintiff called after Juarez asking him directly please call the police.  Juarez said

no.

**1. Relief in Officer Flores individual capacity**

a. Compensatory relief for violating plaintiff United States Const. 14th Amend. right to protection and

care.

b. Exemplary  relief for violating plaintiff United States Const. 14th Amend. right to protection and care.

c. Compensatory relief for violating plaintiff United States Const. 14th Amend. right against the

deliberate indifference of the criminal reckless assault

d. Exemplary  relief for violating plaintiff United States Const. 14th Amend. right deliberate indifference

of the criminal reckless assault


**B. Intentional Infliction of Emotional Distress**

Flores action caused plaintiff fear for his life.  Flores threatened Welsh with bodily harm then

produced his desired result.  Plaintiff fear was beyond the normal with extreme anxiety.  Plaintiff had a

special trust in Flores to guard him not injury. Flores action and comments where done with maliciousness.

**a. Relief in Officer Flores individual capacity**

(i) Compensatory relief for intentional infliction of emotional distress fear and stress.

 (ii) Exemplary relief for intentional infliction of emotional distress fear and stress.

**C. Negligence by duty**

   Flores actions was reasonably foreseeable in the risk or he had a criminally recklessness to his action. Flores duty to plaintiff was special in the scope of his employment. Flores was charged to act for the state to protect the plaintiff not injure him.

**a. Relief in Officer Flores individual capacity**

(i) Compensatory relief for negligent care

(ii) Exemplary relief for negligent care

# VII. Richardson

**A. U.S. Const. 14th Amend.**

   Security officer Richardson works for Correct Care Solutions. On March 22, 2017 Richardson was ordered to harass plaintiff by Defendant Salazar by beating on his door. After being harassed all night by different guards, including Richardson plaintiff threw water on a guard. Plaintiff was moving his hand in

and out of the metal trap yelling at the various officers when Richardson kicked the metal trap with a

criminal disregard for plaintiff safety causing sever injury as plaintiff lost use of his hand for several days

. Richardson violated plaintiff's 14th Amendment fundamental right of freedom from physical harm.

Richardson had a duty to protect plaintiff and provide care under the 14th Amendment.

**1. Relief in Officer Richardson individual capacity**

a. Compensatory relief for violating plaintiff United States Const. 14th Amend. right to protection and

care.

b. Exemplary relief for violating plaintiff United States Const. 14th Amend. right to protection and care.

c. Compensatory relief for violating plaintiff United States Const. 14th Amend. right against the

deliberate indifference of the criminal reckless assault

d. Exemplary relief for violating plaintiff United States Const. 14th Amend. right deliberate indifference

of the criminal reckless assault

**B. Infliction of bodily Injury.**

When Richardson Kicked the metal trap it crushed plaintiffs hand. This action caused Plaintiff's

hand to bleed and swell for hours with sever bruising. Richardson's use of the instrument of the metal

trap was malicious in nature. Plaintiff has lost feeling and grip in his hand causing sever pain.

**1. Relief in Officer Richardson individual capacity**

a. Compensatory relief for personal injury from assaultive conduct

b. Exemplary relief for personal injury from assaultive conduct

## C. Intentional Infliction of Emotional Distress

1.      Richardson's actions caused sever distress and anxiety, Plaintiff's had a deep rooted fear for his life as plaintiff was attacked. Richardson later purposely taunted plaintiff several days after the attack. Smiling when asked if his actions where intentional causing sever fear, headaches, upset stomach, and loss of sleep.

2.      Richardson actions of knocking on plaintiffs door and yelling into his room on March 22 was a harassment. This harassment placed plaintiff in fear of his life as he was attacked earlier by Flores. The harassment caused anxiety and loss of sleep.

3. Relief in officer Richardson individual capacity

a. Compensatory relief for intentional infliction of emotional distress causing anxiety and loss of sleep.

b. Exemplary relief for intentional infliction of emotional distress causing anxiety and loss of sleep.

c. Compensatory relief for intentional infliction of emotional distress for verbal abuse to install fear headaches, upset stomach, and loss of sleep.

d. Exemplary relief for intentional infliction of emotional distress for verbal abuse to install fear headaches, upset stomach, and loss of sleep.

## D. Negligence

Richardson's actions was reasonably foreseeable in the risk or he had a criminally recklessness to his action. Richardson's duty to plaintiff was special in the scope of his employment. Flores was charged to act for the state to protect the plaintiff not injure him.

**1. Relief in Richardson's Individual Capacity**

a. Compensatory relief for negligent care

b. Exemplary relief for negligent care

# VIII. John and Jane Doe, Jorge Juarez

## A. U.S. Const. 14th Amend.

The degree of obedience or the just following order mentality is inexcusable. Jorge Juarez refused to call the police or render aid based on orders by Captain Gonzales. The compliance to Correct Care Solution culture of forced obedience is based on their moral disregard for humanity. Capt. Salazar and Gonzales orders to ignore plaintiff's plea's for assistance on March 21 and 22 2017 speaks of the moral disregard permeating through every level of Correct Care Staff. This concerted mindset of Jorge Juarez and the Does to turn a blind eye to the needs of the fundamental rights of care and safety inside the special relationship retained between the acting parties and plaintiff. The John and Jane Does on March 21 refused to call the police for plaintiff and the John and Jane Does on March 22 witnessed plaintiff being assaulted and failed to act or call the police though asked.

**1. Relief in Juarez and John and Jane Doe**

a. Compensatory relief for violating plaintiff United States Const. 14th Amend. right to protection and care.

b. Exemplary relief for violating plaintiff United States Const. 14th Amend. right to protection and care.

**B Negligence**

John and Jane Doe, Jorge Juarez had a duty by special relationship to provide safety and care to plaintiff. Salazar actions failed beneath an ordinary standard of care a reasonable professional would utilize to give safety and care to plaintiff.

**1. Relief in Juarez and John and Jane Doe**

a. Compensatory relief for negligent care

b. Exemplary relief for negligent care

**C. Intentional Infliction of Emotional Distress**

The lack of empathy show by Jorge Juarez, John and Jane Does titled plaintiff mind into an unhealthy paranoia. The emotional spectrum fueled the paranoia as plaintiff remain awake and vigilant for weeks in fear of his life waiting for the next attack.

**1. Relief in Juarez and John and Jane Doe**

a. Compensatory relief for Intentional Infliction of Emotion Distress by paranoia, sleepless nights, and vigilance.

b. Exemplary relief for Intentional Infliction of Emotion Distress by paranoia, sleepless nights, and vigilance.

# IX. Littlefield Police Officer Kasting

## A. 5th and 14th Amendment

Plaintiff was threatened on March 21, 2017 with endangerment of life, liberty, and property. Another SVP committed patient called Plaintiff mother about the threat. After numerous calls to the police and Sherriff department, by Lonnell Hanks the city sent officer Kasting. Correct Care Security Flores attacked plaintiff Welsh earlier. Officer Kasting after his meeting with Correct Care Security Capt. Gonzales came to plaintiff cell door. Kasting ordered plaintiff to come out of his cell door. Kasting ordered plaintiff to come out of his cell so Capt. Gonzales could come and confiscate plaintiff's property. Plaintiff then showed Kasting his bruised, swollen, and bleeding hand asking Kasting to investigate. Kasting refused and again ordered Plaintiff out. Plaintiff refused. Kasting left with Gonzales. Kasting was deliberately indifferent or possessed and moral disregard of plaintiff needs of protection of the law. This violated plaintiff substantive under the 5th and 14th amendments.

## 1. Relief in Police Officer Kasting individual capacity

(i) Compensatory relief for violating plaintiff United States Const. 5th &14th Amend. right to equal protection of the law.

(ii) Exemplary relief for violating plaintiff United States Const. 5th & 14th Amend. right to protection of the law.

## B. Negligence

Officer Kasting should have know without the protection from the police, Correct Care employees would attack plaintiff again. Kasting had a duty to exercise a degree of care, skill, and

competence that a reasonably competent police officer would've exercised under a similar circumstance.

**1. Relief in Police Officer Kasting individual capacity**

a. Compensatory relief for Negligence

b. Exemplary relief for Negligence

**C. Intentional Infliction of Emotional Distress**

Defendant Kasting withheld his protection as a police officer, knowing welsh was variable and in need of protection.  Welsh was in a constant state of fear and worry from officer Kasting refusal to intercede and protect plaintiff.  Plaintiff Welsh stayed awake for days sick to his stomach and vomiting thinking he would be officer Kasting refused his help.

**1. Relief in Police Officer Kasting individual capacity**

a. Compensatory relief for intentional infliction of emotional distress.

b. Exemplary relief for intentional infliction of emotional distress.

# X. Littlefield Detective Rodriguez

## A. 14th Amendment Equal Protection of the Law

Detective Rodriguez of the Littlefield police department came to register sex offenders at T.C.C.C. Plaintiff registered on March 22,2017.After plaintiff registered with Detective Rodriguez he explained to him how he had been attacked twice by Correct Care Solutions on March 21 and earlier that

day.  Plaintiff showed Rodriguez his bruised, swollen, and bleeding hand.  Rodriguez stated," It's not a crime for them (Correct Care) to assault you."  Detective Rodriguez was deliberately indifferent or posed a moral disregard to provide equal protection under the law. .Rodriguez carried a carried a discriminatory animus based disregard for plaintiff based on his class as a civilly committed SVP to deny the fundamental need for personal and equal protection.

**1. Relief in Detective Rodriguez individual capacity**

(i) Compensatory relief for violating plaintiff United States Const. 5th &14th Amend. right to equal protection of the law.

(ii) Exemplary  relief for violating plaintiff United States Const. 5th & 14th Amend. right to protection of the law.

**B. Negligence**

Detective Rodriguez should have know without the protection from the police, Correct Care employees would attack plaintiff again. Rodriguez had a duty to exercise a degree of care, skill, and competence that a reasonably competent police officer would've exercised under a similar circumstance.

**1. Relief in Detective Rodriguez individual capacity**

a. Compensatory relief for Negligence

b. Exemplary relief for Negligence

**C. Intentional Infliction of Emotional Distress**

Defendant Detective Rodriguez withheld his protection as a police officer, knowing welsh was variable and in need of protection.  Welsh was in a constant state of fear and worry from officer Rodriguez refusal to intercede and protect plaintiff.  Plaintiff Welsh stayed awake for days sick to his stomach and vomiting thinking he would be officer Rodriguez refused his help.

**1. Relief in Detective Rodriguez individual capacity**

a. Compensatory relief for intentional infliction of emotional distress.

b. Exemplary relief for intentional infliction of emotional distress.

## XI. Littlefield Chief of Police Albert Garcia

### A. 14th Amendment Equal Protection of the Law

Chief Albert Garcia was instrumental in developing a culture  with-in the City of Littlefield police Department to deny plaintiff equal protection of the law.  The culture handed down from him to his officers is apparent by the common disregard towards the immoral and illegal actions of Correct Care Solutions by officer Ponce, Kasting, and Rodriguez. All named officer where under his authority when plaintiff meet with them on Jan. 22,2016, March 21 and 22, 2017. Police Chief Garcia committed a personal act of moral disregard for plaintiff need of protection of the law. On April 13,2017 plaintiff informed Chief Garcia by affidavit of the obscene malfeasants of Correct Care Solutions violating the law victimizing the plaintiff. No investigation or arrest have been made in connection with the various assaults and other crimes committed By Correct Care Solutions.

**1. Relief in Chief Albert Garcia individual capacity**

(i) Compensatory relief for violating plaintiff United States Const. 5th &14th Amend. right to equal protection of the law.

(ii) Exemplary relief for violating plaintiff United States Const. 5th & 14th Amend. right to protection of the law.

## B. Negligence

Chief Albert Garcia should have know without the protection from the police, Correct Care employees would attack plaintiff again. Garcia had a duty to exercise a degree of care, skill, and competence that a reasonably competent police officer would've exercised under a similar circumstance.

### 1. Relief in Chief Albert Garcia individual capacity

a. Compensatory relief for Negligence

b. Exemplary relief for Negligence

## C. Intentional Infliction of Emotional Distress

Chief Albert Garcia withheld his protection as a police officer, knowing welsh was variable and in need of protection. Welsh was in a constant state of fear and worry from officer Garcia refusal to intercede and protect plaintiff. Plaintiff Welsh stayed awake for days sick to his stomach and vomiting thinking he would be officer Garcia refused his help.

### 1. Relief in Chief Albert Garcia individual capacity

a. Compensatory relief for intentional infliction of emotional distress.

b. Exemplary relief for intentional infliction of emotional distress.

## XII. Littlefield police Lieutenant Leon Ponce and Unknown police officer

### A. 14th Amendment Equal Protection of the Law

On Jan 22 2016  Plaintiff met with Lt Leon Ponce, Unknown officer and Amy Goldstein. This was after  Correct Care solutions assault on plaintiff. Plaintiff showed Lt. Leon Ponce and unknown officer his cut bleeding right ring finger. Plaintiff asked Lt. Ponce and Unknown Police Officer to press criminal charges on his attacker Brian Vanier.  Unknown Police Officer said," He's the Lieutenant." Meaning Ponce. Plaintiff then asked Lt Ponce to press criminal charges with Lt. Ponce refusing. Lt Ponce was deliberately indifferent or possessed a moral disregard to provide protection on the law to provide protection of the law to plaintiff.

(i) Compensatory relief for violating plaintiff United States Const. 5th &14th Amend. right to equal protection of the law.

(ii) Exemplary relief for violating plaintiff United States Const. 5th & 14th Amend. right to protection of the law.

### B. Common Law Tort

### 1. Negligence

Lt Leon Ponce should have know without the protection from the police, Correct Care employees would attack plaintiff again. Lt Leon Ponce had a duty to exercise a degree of care, skill, and

competence that a reasonably competent police officer would've exercised under a similar circumstance.

a. Compensatory relief for Negligence

b. Exemplary relief for Negligence

## 2. Intentional Infliction of Emotional Distress

Lt Leon Ponce withheld his protection as a police officer, knowing welsh was variable and in need of protection. Welsh was in a constant state of fear and worry from officer Garcia refusal to intercede and protect plaintiff. Plaintiff Welsh stayed awake for days sick to his stomach and vomiting thinking he would be officer Garcia refused his help.

a. Compensatory relief for intentional infliction of emotional distress.

b. Exemplary relief for intentional infliction of emotional distress.

## XIII. City of Littlefield (Naming Little Field Police Chief Albert Garcia as Political agent in his Official Capacity)

### A. 14th Amendment Equal Protection of the Law

The City of Littlefield has created a culture of precluding the Littlefield Police Department  from aiding the plaintiff its protection against Correct Care solutions Employees'. The city of Littlefield invidiously denies its protection based on discrimination based on animus discrimination of plaintiff

belonging to the SVP Committed class. Plaintiff has claimed three assaults by correct care employee's on Jan. 22, 2016 , March 21 and 22 2017.  Plaintiff talked to three different police officers and wrote an affidavit  to the chief  of police concerning the assault. Plaintiff has complained  to Littlefield police about Correct care solutions theft and assaults just to be denied its protection. Lonnell Hanks and John Welsh has called into the Littlefield police about Correct care theft of property and assaults just to be ignored . The Littlefield Police Dept.  has consistently refused to investigate all claims of illegal activity by Correct Care Solutions.. Plaintiff claims equal Protection and failure to protect Plaintiff against the City of Littlefield has created a culture inside its Police Department through the Chief of Police Albert Garcia as policy maker and the various law enforcement agents listed through this complaint. The city policy was deliberately indifferent or with a moral disregard based on a discriminatory animus culture against plaintiff being an SVP civilly committed class.

**B. Relief**

(i) Compensatory relief for violating plaintiff United States Const. 5th &14th Amend. right to equal protection of the law.

(ii) Exemplary  relief for violating plaintiff United States Const. 5th & 14th Amend. right to protection of the law.

# XIV. 18 U.S.C.S. 241, 18 U.S.C.S 242 and State Criminal Charges

**A. 18 U.S.C.S 241**

Plaintiff asks the court to press criminal charges on:

Amy Goldstein, Jane Salazar, Margarito Gonzales, Police Officer Kasting, Lt. Leon Ponce, Detective Rodriguez, Chief of Police Albert Garcia, Correct Care  Security Flores, Richardson, Jorge Juarez, and John and Jane Does

The individual persons named conspire to injure, oppress, threaten, or intimidate any  person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; as stated in the above 42 U.S.C.S. 1985 and 1986.

## B. 18 U.S.C.S 242

Plaintiff ask the court to make a determination of Federal Charges for the violation of the various United States Constitutional Rights of the plaintiff that the named actors in this complaint can be held legally liable for.

## B State Criminal Law

As  the courts maintain jurisdiction over all state law claims 28 U.S.C.S. § 1367(a) and criminal laws of the United States as defined in 18 U.S.C.S. § 3231 plaintiff ask the court for relief in the following:

1. Texas Penal Code 22.02 Aggravated Assault against Richardson and Flores

2. Texas Penal Code 38.171 failure to report Felony against Jorge Juarez, and John and Jane Does.

3. Texas Penal Code 39.03 (a)(2) Official Oppression against Lt Leon Ponce, Officer Kasting, Detective Rodriguez, of the Littlefield Police Department, Chief of Police Albert Garcia all of the of the Littlefield Police Department.

4. Texas Penal Code 71.02 (a)(1) Engaging in Organized Criminal Activity Amy Goldstein, Brian Thomas, Jane Salazar, Brian Thomas, Margarito Gonzales, Correct Care Solutions Security Richardson and Flores Officer Kasting, Detective Rodriguez, Lt Leon Ponce, Chief of Police Albert Garcia.

## XV. Prayer

Accordingly, plaintiff prays the honorable district court except's this complaint and views it in the most favorable light. Based on the maters asserted. Holding the plaintiff to an informal pleading standard, as he is pro se.

Respectfully Submitted, *Lonnie Kade Welsh*

Lonnie Kade Welsh

2699 S. Sunset Ave.

Littlefield, Texas 79339

Lonnie Kade Welsh T.C.C.C #6516607
Texas Civil Commitment Center
2600 S. Sunset Ave.
Littlefield, Tx 79339



RECEIVED

JUL 25 2017

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

United States District Clerk
Northern District of Texas
1205 Texas Ave. Room 209
Lubbock, Tx 79401

JUL 24 2017